**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY C. MOON,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 04-7130
(D.C. No. 03-CV-587-W)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HARTZ**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Terry C. Moon appeals from the denial of his application for social security disability and supplemental security income benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we reverse.

Plaintiff was born in 1959. He lives in the small town of Antlers, Oklahoma. He has congenital defects to his ankles and feet which required that some of the foot and ankle bones be fused in two or more surgeries when he was a young child. His feet are deformed. He does not remember those early surgeries, or the exact number of them, and he has no records for them. His ankles basically do not turn in or out, but that has not stopped him from walking during most of his life. He used to work, have hobbies such as golf and scuba diving, and take care of a house and his children. He developed degenerative disk disease later in life. He stopped working in November 2000, after he fell off a ladder at work from eight to ten feet up (he said because of his fused ankles), landing on his buttocks and back. He was stiff and sore, but a full set of x-rays showed that he did not break anything, and the doctor who examined him at that time expected him to recover fully from that accident within a few weeks.

As plaintiff has gotten older, he has complained more about pain in his feet, ankles, shoulder, and back–and his inability to pay for medical care. That is not to say that he has gone to the doctor often, because he has not. But he has given up his children to his ex-wife, given up his house and moved in with his

mother, and given up his hobbies. He stopped working because he says he cannot walk or stand as much as is required due to pain. He lives a quiet life without a car, staying at home and either sitting or lying down most of the day. He does such activities as feeding his chickens, playing with his cat, reading, and watching TV. He heats up microwave dinners to avoid having dishes to wash. His mother does his laundry and other housework, such as vacuuming. The administrative law judge (ALJ) commented, however, that even though plaintiff had not worked for two years at the time of the ALJ's decision, one of the examining consultants had noted in July 2002 that plaintiff was a heavily muscular man.

The ALJ analyzed the claim under the five-step evaluation sequence. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The ALJ found at step four that plaintiff could not return to his past relevant work as a construction laborer, but that he retained the residual functional capacity (RFC) to perform a wide range of sedentary work limited by his inability to "climb, balance, stoop, kneel, crouch, [or] crawl" more than "occasionally." Admin. R. at 19, 25. At step five, the ALJ called a vocational expert (VE), who identified jobs that plaintiff could do with that RFC. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. See id. at 13.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). "Although we do not reweigh the evidence or try the issues de novo, we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Grogan, 399 F.3d at 1262 (citation omitted).

Plaintiff challenges the ALJ's RFC finding on appeal because the VE testified that plaintiff could not work with the RFC specified by Dr. De La Garza, an orthopedic surgeon at the Paris (Texas) Orthopedic Clinic who examined plaintiff for the purposes of treatment in October 2002. This appeal centers on plaintiff's ability to stand, walk, and climb, because Dr. De La Garza found plaintiff to be more limited than the ALJ did. See Aplt. Br. at 17.

Plaintiff raises several specific allegations of error in the ALJ's RFC finding, but we consider it sufficient to address his arguments that "[t]he ALJ fails to conduct [the required] analysis with any specificity or clarity that would allow for meaningful review of his determination" and "[t]he ALJ does not note

-4-

any conflicting or inconsistent evidence [to Dr. De La Garza's opinion] from other [medical] sources, he only notes the absence of medical evidence of other treatment." Aplt. Br. at 12-13 (citing Admin. R. at 22). These arguments have merit, as the ALJ's decision is frustratingly vague when it comes to his comments that credible medical evidence justifies rejecting Dr. De La Garza's opinion about plaintiff's RFC, but supports the ALJ's own opinion about plaintiff's RFC. See Admin. R. at 19, 22.

Some of the early medical evidence is not relevant to the ALJ's RFC finding. But Dr. De La Garza completed an RFC assessment ("medical source statement") in 2002, see id. at 220-221, two agency physicians (Drs. Seitsinger and Kilgore) did consulting examinations in 1999 and 2002 without specifying how long plaintiff could perform various functions, see id. at 164-69, 189-195, and a non-examining agency physician did an RFC assessment in 2002, see id. at 196-203. Dr. De La Garza's RFC assessment was more restrictive than the non-examining physician's RFC assessment. The ALJ rejected both RFC assessments as unsupported by the credible medical evidence and made an RFC finding in between them. Compare id. at 21-22 (stating that agency physician's opinion is "overly optimistic") and 22 (stating that Dr. De La Garza's opinion is "pessimistic") with id. at 19 (ALJ's RFC finding) and 25 (ALJ's RFC finding reprised). But the ALJ never specified what he believed the credible medical

evidence to be, either for the purpose of rejecting the doctors' RFC assessments or for the purpose of supporting his own finding.

After reviewing the ALJ's decision and the record, we cannot determine what evidence the ALJ relied on. He recited the findings of the consulting examiners, id. at 20-21, but he did not state whether he believed or disbelieved their findings, or whether or what he was taking from those findings that was relevant to plaintiff's RFC. Nor did the ALJ explain how he resolved the discrepancies between each doctor's findings and the other medical evidence, or say anything about the passage of time between those examinations (Dr. Seitsinger's examination was in 1999, while Dr. Kilgore's examination was in 2002). Id. Although plaintiff's congenital foot and ankle defects are indisputable, the various doctors have made different findings at different times as to plaintiff's ability to turn his ankles at all, and have made different comments about his gait and his complaints of pain. For example, Dr. Seitsinger said in July 1999 that plaintiff's gait was normal, id. at 21, but Dr. Kilgore said in July 2002 that plaintiff's heel and toe walking were weak and he walked with a limp, id., and Dr. De La Garza said in October 2002 that plaintiff had "severe gait abnormalities" that not only make his feet and ankles hurt but make his back hurt as well, causing him severe limitations, id. at 223.

"It is axiomatic that all of the ALJ's required findings must be supported by substantial evidence." Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999) (citing 42 U.S.C. § 405(g)). Because we cannot determine that the ALJ's RFC finding is supported by substantial evidence due to his lack of specificity, we reverse.

We note for the remand that although the ALJ clearly viewed Dr. De La Garza as a treating physician, see Admin. R. at 22, it does not appear that Dr. De La Garza qualifies as a treating physician under 20 C.F.R. §§ 404.1502 and 416.902. Therefore, the ALJ should reconsider on remand how Dr. De La Garza's evidence should be evaluated under §§ 404.1527(d)(1)-(6) and 416.927(d)(1)-(6). In addition, although the ALJ rejected the non-examining agency physician's RFC assessment for different reasons, it is doubtful that this checklist-style RFC assessment constitutes substantial evidence under Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987).

The judgment of the district court is REVERSED with directions to REMAND to the agency for additional proceedings consistent with this order and judgment.

Judge Hartz respectfully dissents.

Entered for the Court


David M. Ebel
Circuit Judge